IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2176-FL

WAYNE HUNT,

    Petitioner,

v.

WARDEN TRACY W. JOHNS,

    Respondent.

ORDER

This matter is before the court on respondent's motion to dismiss (DE # 15).[1] Also before the court is respondent's motion for an extension of time (DE # 14). In this posture, the matters are ripe for adjudication. For the foregoing reasons, respondent's motions are GRANTED.

## STATEMENT OF THE CASE

On August 18, 2009, the United States District Court for the District of Massachusetts found that petitioner is a sexually dangerous person and committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4248. See United States v. Hunt, 643 F. Supp. 2d 161 (D. Mass. 2009). Section 4248, enacted in July 2006 as part of the Adam Walsh Child Protection and Safety Act, provides for the civil commitment of "sexually dangerous person[s]" in federal custody for care and treatment, following the expiration of their federal prison sentences. 18 U.S.C. § 4248(a); see also, Timms v. Johns, 627 F.3d 525, 526 (4th Cir. 2010). After he was committed by the District

---

[1] Also before the court is respondent's motion for an extension of time to file a response to the petition (DE # 14). For good cause shown, the motion for extension of time is GRANTED and respondent's motion to dismiss is deemed timely filed.

Court of Massachusetts, petitioner was transferred to the custody of the Bureau of Prisons ("BOP") and housed at a BOP facility in Butner, North Carolina.

On August 9, 2010, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, alleging that he is being "subjected to the same if not more restrictive conditions of confinement as a federal prisoner serving a criminal sentence." (Pet. 3.) Petitioner asserts that the court should release him because the treatment he receives violates the Fifth Amendment to the United States Constitution and the Ex Post Facto clause of the United States Constitution. On March 4, 2011, respondent filed the instant motion to dismiss, arguing that the petition should be dismissed because his claims are not appropriate for redress through the instant habeas petition. Petitioner filed a response on March 25, 2011.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable

2

Case 5:10-hc-02176-FL   Document 20   Filed 08/18/11   Page 2 of 4

Court of Massachusetts, petitioner was transferred to the custody of the Bureau of Prisons ("BOP") and housed at a BOP facility in Butner, North Carolina.

On August 9, 2010, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, alleging that he is being "subjected to the same if not more restrictive conditions of confinement as a federal prisoner serving a criminal sentence." (Pet. 3.) Petitioner asserts that the court should release him because the treatment he receives violates the Fifth Amendment to the United States Constitution and the Ex Post Facto clause of the United States Constitution. On March 4, 2011, respondent filed the instant motion to dismiss, arguing that the petition should be dismissed because his claims are not appropriate for redress through the instant habeas petition. Petitioner filed a response on March 25, 2011.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable

conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

Petitioner alleges that, as a civil detainee held pursuant to 18 U.S.C. § 4248, he is entitled to conditions of confinement that are more favorable than those afforded convicted inmates. Although petitioner asks that the court release him as relief, respondent argues that his claim is not cognizable in a petition for writ of habeas corpus because petitioner is not challenging the execution of his sentence, but instead is challenging the conditions of his confinement under the Eighth Amendment to the United States Constitution.

In Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), the Supreme Court held that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. Thus, a prisoner may not use 42 U.S.C. § 1983 or a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See id. On the other hand, when an inmate challenges his conditions of confinement, whether the inmate seeks monetary or injunctive relief, the inmate may bring his claim pursuant to either 42 U.S.C. § 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750-51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498-99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Here, petitioner is being held pursuant to § 4248. In United States v. Comstock, 627 F.3d 513 (4th Cir. 2010), the Fourth Circuit Court of Appeals held that § 4248 is civil in nature. A statute that has been "found to be civil, cannot be deemed punitive 'as applied' to a single individual in violation of the Double Jeopardy and Ex Post Facto Clauses and provide cause for release." Seling v. Young,

3

531 U.S. 250, 267 (2001). Moreover, release from confinement is not a remedy available for an Eighth Amendment conditions of confinement claim. See, e.g., Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005); Macon v. Cox, No. Civ.A. 6:04-131HFFBH, 2005 WL 4572216, at *6 (D.S.C. June 13, 2005), aff'd, 172 F. App'x 555 (4th Cir. 2006). Instead, § 1983 and Bivens actions authorize both equitable relief and monetary damages for the deprivation of constitutional rights by a state actor. See, e.g., Nelson, 541 U.S. at 643.

Based upon the foregoing, petitioner's Eighth Amendment claim challenging the conditions of his confinement is not appropriate under 28 U.S.C. § 2241. Moreover, the court has reviewed the petition and finds it inappropriate to convert petitioner's § 2241 petition into a Bivens action because a § 2241 action is directed solely against the warden, whereas there likely would be additional defendants in a Bivens action concerning prison conditions. See, e.g., Glaus, 408 F.3d at 389. Therefore, this action is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, respondent's motion for an extension of time (DE # 14) and motion to dismiss (DE # 15) are GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED, this the 17* day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4